In the Matter of the Claim of FRANCES DeSANTIS, Respondent, against FRANK FOLCARO and JOSEPH FOLCARO, Doing Business as ROYAL BOWLING ACADEMY, and THE TRAVELERS INSURANCE COMPANY, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal from an award made against employer and insurance carrier for death benefits in favor of dependent mother of deceased employee. Decedent was injured March 4, 1926, and died April 1, 1927, as a result of his injuries. The award appealed from was made February 27, 1939, and noticed March 9, 1939. Two claims were originally involved, one for disability benefits and the other for death benefits. Many hearings were held over an extended period. The death case was closed following the hearing of June, 1932, by an award of $1,000 to the Special Fund made on September 8, 1932. This award was paid on September 21, 1932. The claim of the mother in connection therewith was denied for failure to serve notice of death within the prescribed period. The disability claim was continued and ultimately an award was made therein, in conformity with a decision of this court, on September 24, 1935. The last payment on this award was made October 1, 1935. Thereafter and on March 19, 1938, an application was made to reopen the death claim. This claim was reopened and on February 27, 1939, the award appealed from was made. For some undisclosed

reason the disability claim, although allowed and paid in 1935, was included therein. The two claims were separate and distinct, and the evidence does not sustain the contention that they were combined. The death claim was not open on April 24, 1933, the effective date of section 25-a as added to the Workmen's Compensation Law, nor was any application made prior to such date to reopen. Under the section cited, if an award is made more than seven years after the date of injury or death, and after a lapse of three years from the date of the last payment of compensation, it must be made against the Special Fund. Since the claims were separate and distinct, and the last payment on the death claim was made in 1932, the award comes within these provisions of the section and should have been made against the Special Fund. Award reversed, with costs to appellants, and claim remitted to the State Industrial Board for action in conformity herewith. Hill, P. J., Crapser, Bliss, Schenck and Foster, JJ., concur.